FILED

1  Paul R. Kiesel, State Bar No. 119854
      *kiesel@kbla.com*
2  Thomas H. Peters, State Bar No. 163388
      *peters@kbla.com*
3  Jeffrey A. Koncius, State Bar No. 189803
      *koncius@kbla.com*
4  **KIESEL BOUCHER LARSON LLP**
   8648 Wilshire Boulevard
5  Beverly Hills, California 90211-2910
   Tel:   310-854-4444
6  Fax:   310-854-0812

7  Attorneys for Plaintiff
   **MARIO PANAQUA, on Behalf of**
8  **Himself and All Others Similarly**
   **Situated.**

2012 DEC -5  PH 3: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

9

10

11

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

14  **MARIO PANAQUA, on Behalf of**
15  **Himself and All Others Similarly**
    **Situated,**
16
                    **Plaintiff,**
17
           v.
18
    **MARITZ RESEARCH INC., a**
19  **Missouri Corporation and DOES 1-**
    **10, Inclusive,**
20
                    **Defendants.**
21

Case No. **CV 12-10419-RGK (MANx)**

**CLASS ACTION**

**CLASS ACTION COMPLAINT**
**FOR DAMAGES AND**
**INJUNCTIVE RELIEF** FOR:

1.  **INVASION OF PRIVACY IN**
    **VIOLATION OF**
    **CALIFORNIA PENAL CODE**
    **SECTIONS 630** *ET SEQ.*
2.  **VIOLATION OF COMMON**
    **LAW RIGHT OF PRIVACY**
3.  **NEGLIGENCE**

**DEMAND FOR JURY TRIAL**

Trial Date:      None

22

23

24

25

26      Plaintiff Mario Panaqua ("Plaintiff"), individually, and on behalf of a Class of all

27  other, similarly situated persons defined below, demands a trial by jury and hereby

28  complains and alleges upon information and belief as follows:

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

00299700-1

CLASS ACTION COMPLAINT

## **INTRODUCTION**

1.     This Class Action Complaint challenges the policy and practice of Defendants Maritz Research Inc. ("Maritz"), and DOES 1 through 10, inclusive (collectively, "Defendants"), who surreptitiously record telephone conversations with California consumers. Defendants' policy and practice violate the rights of consumers under California's Invasion of Privacy Act, California Penal Code section 630 *et seq.* (the "Privacy Act"), violate the common law right to privacy, and is negligent.

2.     California's Constitution enshrines privacy as a protected, inalienable right:

> *All people* are by nature free and independent and *have inalienable rights. Among these are* enjoying and defending life and liberty, acquiring, possessing, and protecting property, and *pursuing and obtaining* safety, happiness, and *privacy.*

Cal. Const. art. I, § 1 (emphasis added).

3.     The common law tort of intrusion into private matters flows from California's Constitution and encompasses unwarranted, sensory intrusions such as eavesdropping, wiretapping, and the surreptitious recording of telephone communications.

4.     The Privacy Act enhances and specifically protects the right to privacy by establishing specific protections against unlawful intrusions into private communications, as explained in Penal Code section 630:

> The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society. The Legislature by this chapter intends to protect the right of privacy of the people of this state.

5.     The Privacy Act specifically prohibits secret recording of telephone conversations:

/ / /

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine . . . .

Cal. Penal Code § 632(a).

6.      Defendants have systematically and repeatedly violated the Privacy Act and the common law right to privacy, and in so doing, have breached their duties and acted negligently, by surreptitiously recording telephone conversations with California consumers.

7.      Under California law, a telephone conversation is a confidential communication that may not be recorded, regardless of the content of the conversation or the type of telephone involved, unless the recording party first informs all parties to the conversation that it will be recorded. Telephone users have objectively reasonable expectations that their telephone conversations will not be overheard or recorded. Informing all parties to a telephone conversation of the intent to record the conversation permits a party who does not wish to be recorded to hang up or, if the party decides to continue participating in the recorded conversation, to modify their tone or speech to account for the fact that the conversation is being recorded.

8.      California Penal Code section 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code section 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy rights of any other person.

9.      A person who suffers a privacy violation under California Penal Code section 632 may bring a private action to recover damages. Cal. Penal Code § 637.2. For each such violation, the injured party is entitled to the greater of the following amounts: $5,000 or three times the amount of any actual damages sustained. Cal. Penal

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

Code § 637.2(a). The injured party need not have suffered, or be threatened with, actual damages. Cal. Penal Code § 637.2(c).

10.     A plaintiff in such an action may also seek to enjoin further violations of the Privacy Act. Cal. Penal Code § 637.2(b).

11.     Plaintiff brings this Complaint on behalf of himself and all other California residents whose telephone conversations were surreptitiously recorded by Defendants between July 13, 2006 and the present (the "Class Period").

12.     Plaintiff and the Class could not, and did not, consent to Defendants' recording of their telephone conversations because Defendants did not warn Plaintiff and the Class that these conversations were being recorded. Plaintiff and the Class, like all members of the public, had objectively reasonable expectations that their telephone conversations were confidential communications that would not be overheard or recorded. Defendants thus violated the statutory rights to privacy of Plaintiff and the Class under the Privacy Act, the common law right to privacy, and acted negligently in so doing.

13.     All of the allegations contained in this Complaint are based upon information and belief, except for those pertaining to Plaintiff and his counsel. Plaintiff's information and belief are based upon, among other things, the investigation that Plaintiff and his counsel have conducted to date. The allegations in this Complaint are substantiated by evidentiary support, or are likely to be substantiated by evidentiary support upon further investigation and discovery.

## PARTIES

14.     Plaintiff is, and at all material times, has been, a California citizen residing in Simi Valley, Ventura County, State of California.

15.     Defendant Maritz is, and at all material times has been, a corporation organized and existing under the laws of the State of Missouri, with headquarters in Fenton, Missouri and offices in various states, including an office in Torrance, California. Maritz provides consumer marketing research services to other companies.

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1   Maritz describes the services it provides on its own website, www.maritzresearch.com,
2   as including the design of studies, collection of data, performance of analysis, and
3   reporting of results. According to a May 29, 2012 online job posting by Maritz, URL:
4   http://wahjobleads.com/jobs/interviewers/, the company's operations include call
5   centers that conduct consumer research by telephone and record all such calls with
6   consumers. Maritz is operating and conducting business under the laws of the State of
7   California and regularly conducts business throughout the Central District of California,
8   including Ventura County, State of California.

9        16.    The Defendants sued by the fictitious names DOES 1 through 10 are
10  persons or entities whose true names and identities are currently unknown to Plaintiff.
11  Plaintiff will amend this Complaint to allege the true names and capacities of these
12  fictitiously named Defendants when they are ascertained. Each of the fictitiously named
13  Defendants is responsible for the conduct alleged in this Complaint. Through their
14  conduct, the fictitiously named Defendants actually and proximately caused the
15  damages of Plaintiff and the Class.

16       17.    In this Complaint, Defendants Maritz and DOES 1 through 10, inclusive,
17  are sometimes referred to individually as "Defendant," and are sometimes referred to
18  collectively as "Defendants," or "the Defendants."

19       18.    At all times mentioned herein, each Defendant was acting as the agent
20  and/or employee of each of the remaining Defendants and was at all times acting within
21  the purpose and scope of such agency and employment. In doing the acts alleged
22  herein, each Defendant, and its officers, directors, members, owners, principals, or
23  managing agents (where the defendant is a corporation, limited liability company, or
24  other form of business entity) authorized and/or ratified the conduct of each other
25  Defendant and/or of his/her/its employees.

26                         **JURISDICTION AND VENUE**

27       19.    This Court has original jurisdiction over this action under the Class Action
28  Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (i) the

00299700-1                              5                    CLASS ACTION COMPLAINT

1  proposed class consists of more than 100 members; (ii) at least some members of the

2  proposed class are citizens of a state different from at least one of the defendants; and

3  (iii) the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

4      20.    Venue is proper in the Central District of California, Western Division,

5  pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events that give rise to

6  the claims herein occurred in this District. In particular, Plaintiff is informed, believes,

7  and thereupon alleges that his telephone conversations with Defendants were recorded

8  by Defendants while he was within this District and Division.

9                          **FACTUAL BACKGROUND**

10     21.    Plaintiff is informed, believes, and thereupon alleges that during the Class

11 Period, Defendants have utilized certain computer hardware and software technology

12 ("Call Recording Technology") to execute a company-wide policy and practice of

13 recording all telephone conversations with consumers.

14     22.    Plaintiff is further informed, believes, and thereupon alleges that

15 Defendants installed and/or utilized Call Recording Technology on all of their

16 consumer-facing telephone lines. Plaintiff is further informed, believes, and thereupon

17 alleges that this Call Recording Technology enabled Defendants to record all of their

18 telephone conversations with consumers, and allowed them to store and listen to these

19 recordings for various purposes.

20     23.    Plaintiff is further informed, believes, and thereupon alleges that

21 Defendants' employees, agents, and representatives were directed, trained, and

22 instructed to, and did, record telephone conversations with consumers.

23     24.    Plaintiff is further informed, believes, and thereupon alleges that

24 Defendants did not provide any verbal warnings or automated, pre-recorded warnings

25 to consumers who participated in a telephone conversation with Defendants that the

26 telephone conversation was recorded. Plaintiff is further informed, believes, and

27 thereupon alleges that, during the Class Period, Defendants did not provide any

28 periodically repeated, audible "beep tone" or other sound throughout the duration of a

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1    telephone conversation to warn consumers that the call was recorded.

2          25.   On June 8, 2012, at approximately 4:53 p.m. PST, Plaintiff received a telephone call from Defendants at his home. Plaintiff participated in the telephone conversation with an employee, agent, or representative of the Defendants, who represented to Plaintiff that she was calling on behalf of Bank of America. Because Plaintiff's telephone did not have caller ID, the Plaintiff at the time of the call did not know that the call was coming from telephone number 571-431-1960 and that the number was associated with Maritz. Thus, when the Maritz employee, agent, or representative of the Defendants identified herself to Plaintiff as calling on behalf of Bank of America, Plaintiff asked the employee, agent, or representative of the Defendants to provide her telephone number to confirm that she was with Bank of America. Thereafter, the employee, agent or representative of the Defendants started yelling and appeared to become hostile toward the Plaintiff. In response, Plaintiff hung up his telephone thereby terminating the call. At no time during this telephone conversation did Plaintiff receive a warning from Defendants that the call was being recorded.

26.   Plaintiff initiated an investigation and made a complaint to Defendants regarding this conversation and was advised in an e-mail dated June 14, 2012 from Derek Mays, General Counsel of Maritz, that Mr. Mays had listened to the June 8, 2012 4:53 p.m. PST "sound file" of the telephone conversation between the Plaintiff and the employee, agent or representative of the Defendants. Mr. Mays then provided Plaintiff with certain information based on the recording of Plaintiff's telephone conversation.

27.   Plaintiff is informed, believes, and thereupon alleges that Defendants recorded the telephone conversation that took place on June 8, 2012 at approximately 4:53 p.m. PST between Plaintiff and the employee, agent, or representative of the Defendants. Defendants failed to verbally warn Plaintiff, at the outset of this telephone conversation, of Defendants' intent to record the conversation. Defendants failed to provide an automated, pre-recorded warning or a periodically repeated beep tone or

1  other sound to warn Plaintiff during such call that the conversation was being recorded.
2  Because Defendants failed to warn Plaintiff at the outset of the telephone conversation
3  that the call was being recorded, Plaintiff was deprived of the ability to either decline to
4  participate in a recorded call or to censor the content of the conversation. Plaintiff did
5  not provide Defendants with consent to record the telephone conversation.

## CLASS ACTION ALLEGATIONS

7        28.    Plaintiff brings this action, on behalf of himself and all others similarly
8  situated, as a class action pursuant to Federal Rule of Civil Procedure 23. This action
9  may be brought and properly maintained as a class action because Plaintiff satisfies the
10 numerosity, adequacy, typicality, and commonality pre-requisites for suing as a
11 representative party pursuant to Rule 23.

12       29.    **Class Definition**. The proposed, plaintiff Class that Plaintiff seeks to
13 represent is preliminarily composed of and defined as follows:

>      All California residents who participated in one or more telephone
>      conversations with employees, agents, or representatives of Defendants
>      between July 13, 2006 and the present and did not receive a warning on
>      the   call   that   the   telephone   conversation   was   recorded.

17       30.    Excluded from the Class are Defendants named herein; officers and
18 directors of Defendants; members of the immediate family of any Defendant; any
19 judges or justices to whom this action is assigned and their immediate families; and the
20 legal representatives, heirs, successors, or assigns of any such excluded party.

21       31.    Plaintiff reserves the right to amend or otherwise alter the Class definition
22 presented to the Court at the appropriate time, or propose or eliminate sub-classes, in
23 response to facts learned through discovery, legal arguments advanced by Defendants,
24 or otherwise.

25       32.    **Numerosity and Ascertainability**. The members of the Class are so
26 numerous that joinder of all members is impracticable. Although the precise number of
27 Class members is unknown to Plaintiff at this time, Plaintiff estimates that there are
28 more than 100 and it is likely that there are thousands of putative Class members.

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1  Moreover, the precise number of Class members and their addresses may be obtained
2  from a review of Defendants' own records. This information may then be used to
3  contact potential Class members.

4      33.  **Typicality**. Plaintiff is a member of the Class. His claims are typical of the
5  claims of other members of the Class that he seeks to represent. Plaintiff alleges that
6  Defendants systematically recorded telephonic conversations without warning all
7  parties that these confidential communications were recorded, in violation of the
8  privacy rights of the Plaintiff and the Class under the Privacy Act and common law.
9  The harm that Plaintiff and all other Class members suffered arose from, and was
10  caused by, the same conduct by Defendants. Defendants have acted, or refused to act,
11  on grounds generally applicable to the Class, thereby making injunctive relief and
12  damages pursuant to California Penal Code section 637.2 and other damages available
13  under common law appropriate with respect to the Class as a whole.

14      34.  **Adequacy of Representation**. Plaintiff will fairly and adequately
15  represent and protect the interests of the Class members. Plaintiff has retained counsel
16  that is competent and experienced in consumer class action litigation to ensure such
17  protection. Plaintiff and his counsel intend to prosecute this action vigorously for the
18  benefit of the Class. Plaintiff has no interests that are antagonistic to those of the Class.
19  Plaintiff has no interests that are in conflict with those of the Class.

20      35.  **Superiority**. A class action is superior to other available methods for the
21  fair and efficient adjudication of this controversy for several reasons. First, it is unlikely
22  that putative Class members will pursue individual litigation because, unless notice is
23  sent to each putative Class member whose telephone conversation was recorded, Class
24  members will have no way to know that their privacy rights under the Privacy Act and
25  common law were violated. The very nature of Defendants' surreptitious recording
26  precludes knowledge of these privacy violations. Second, since the harm suffered by
27  each Class member is too small to warrant individual pursuit, especially in light of
28  technical issues regarding Defendants' call recording and retention systems, a class

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1  action is the only viable method to obtain damages and other relief from Defendants for
2  its violations of the Privacy Act and common law. Third, class treatment would be
3  superior to adjudicating individual cases due to the much greater expense and burden
4  that individual litigation would impose upon the courts. Fourth, if the Class members
5  sought relief through individual actions, inconsistent or varying adjudications in their
6  individual cases could establish incompatible standards of conduct for the Defendants.

7       36.   **Predominance of Common Questions of Law and Fact**. There exists a
8  well-defined community of interest in the questions of law and fact involved in this
9  case against Defendants, and in obtaining appropriate relief for Defendants' statutory
10  violations of the Privacy Act and the common law right to privacy. The following
11  questions of law and fact common to the Class predominate over any individualized
12  issues and the answers to those questions are apt to drive the resolution of the litigation:

13       a.   Whether, during the Class Period, Defendants had a policy and
14            practice of recording all telephone conversations with
15            consumers;

16       b.   Whether, during the Class Period, Defendants installed Call
17            Recording Technology to implement their policy of recording all
18            telephone conversations with consumers;

19       c.   Whether, during the Class Period, the Defendants' employees,
20            agents, or representatives were directed, trained, and instructed
21            to, and did, record all of the Defendants' telephone conversations
22            with consumers in order to implement the Defendants' policy
23            and practice of recording all telephone conversations with
24            consumers;

25       d.   Whether, during the Class Period, Defendants' policy and
26            practice of recording all telephone conversations with consumers
27            included a policy and practice of warning Class members,
28            including the Plaintiff, at the outset of each recorded telephone

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1   conversation that the telephone conversation was recorded;

2   e.   Whether, during the Class Period, Defendants failed to warn

3        Class members who participated in a telephone conversation

4        with the Defendants that the telephone conversation was

5        recorded;

6   f.   Whether Defendants' recording of Plaintiff's and Class

7        members' telephone conversations without warning during the

8        Class Period constitutes violations of California Penal Code

9        section 632;

10  g.   Whether Plaintiff and Class members are entitled to recover the

11       greater of statutory damages in the amount of $5,000 for each

12       violation of California Penal Code section 632 pursuant to

13       Section 637.2(a)(1), or treble damages for each violation of

14       California Penal Code section 632 pursuant to section

15       637.2(a)(2);

16  h.   Whether Plaintiff and Class members are entitled to injunctive

17       relief pursuant to California Penal Code section 637.2(b) to

18       enjoin or restrain the Defendants from committing further

19       violations of Penal Code section 632;

20  i.   Whether Defendants' recording of Plaintiff's and Class

21       members' telephone conversations without warning during the

22       Class Period constitute violations of the common law right of

23       privacy;

24  j.   Whether Defendants' recording of Plaintiff's and Class

25       members' telephone conversations without warning during the

26       Class Period was negligent;

27  k.   Whether Plaintiff and Class members suffered harm as a result of

28       their telephone conversations being recorded without warning

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

during the Class Period;

l.   Whether Defendants' conduct was a substantial factor in causing the harm suffered by Plaintiff and Class members;

m.   Whether Plaintiff and Class members are entitled to recover damages and the measure of damages for each violation of the common law right of privacy; and

n.   Whether Plaintiff and Class members are entitled to recover damages and the measure of damages for Defendants' negligent acts.

37.   The core factual and legal issues are the same for all Class members: whether the Class member received one or more telephone calls from an employee, agent, or representative of Defendants during the Class Period; whether, at the outset of this telephone conversation, Defendants warned the Class member that the telephone conversation was recorded; and the measure of damages.

38.   Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

39.   The nature of notice to the proposed Class is contemplated to be by direct mail and/or email upon certification of the Class or, if such notice is not practicable, by the best notice practicable under the circumstance including, *inter alia*, publication in major newspapers and on the internet.

40.   The delayed discovery doctrine applies to toll the claims of Class members. Under the delayed discovery doctrine, the time for bringing these claims does not begin to run until a plaintiff discovers or should have discovered the injury. Thus, the limitations period for claims of Class members does not begin to run until Defendants produce to them copies of their recorded telephone conversations or otherwise admit to them to recording their telephone conversations. The very nature of Defendants' surreptitious recording precludes knowledge of these privacy violations. Because the recording was secretive in nature, Class members did not suffer an obvious

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1  harm, where all essential facts are either known or knowable at the time the harm was
2  caused, that would enable them to either know or suspect wrongdoing and therefore
3  have sufficient knowledge to investigate and potentially assert claims. In addition to the
4  tolling afforded the Class by the delayed discovery rule, the time period is also tolled
5  by the filing of this putative class action.

**FIRST COUNT**

**STATUTORY INVASION OF PRIVACY**

**IN VIOLATION OF CALIFORNIA PENAL CODE SECTIONS 630 *ET SEQ.***

9   41.   Plaintiff repeats and realleges and reincorporates herein by this reference
10  all of the foregoing paragraphs, above, as though set forth in full herein.

11  42.   At all material times, California Penal Code section 632 was in full force
12  and effect and was binding upon Defendants, and existed for the benefit of the Class
13  members, including Plaintiff, all of whom are and/or were protected by the Privacy Act.

14  43.   Plaintiff is informed, believes, and thereupon alleges that Defendants
15  installed and/or caused to be installed Call Recording Technology on the telephone
16  lines of all employees, agents, or representatives of Defendants who made or received
17  consumer-facing telephone calls during the Class Period.

18  44.   Plaintiff is further informed, believes, and thereupon alleges that
19  Defendants maintained and utilized this Call Recording Technology with the intent to
20  record each and every telephone conversation with consumers, and carry out
21  Defendants' policy of recording each and every telephone conversation with
22  consumers, during the Class Period.

23  45.   Plaintiff is further informed, believes, and thereupon alleges that
24  Defendants further directed, trained, and instructed their employees, agents, or
25  representatives to record all telephone conversations with consumers in order to carry
26  out this policy and practice during the Class Period.

27  46.   Plaintiff is further informed, believes, and thereupon alleges that
28  Defendants' policy and practice of recording all telephone conversations with

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

00299700-1

CLASS ACTION COMPLAINT

1  consumers failed to include a policy and practice that its employees, agents, or
2  representatives warn Class members, including Plaintiff, who participated in telephone
3  calls with Defendants during the Class Period, at the outset of each call that the
4  telephone conversation was being recorded by Defendants.

5       47.    Plaintiff is further informed, believes, and thereupon alleges that
6  Defendants failed to warn the Class members, including the Plaintiff, at the outset of
7  each and every telephone conversation initiated or received by Defendants during the
8  Class Period that the conversation was recorded.

9       48.    Defendants violated California Penal Code section 632 by recording
10  telephone conversations with Class members, including Plaintiff, during the Class
11  Period, without the consent of all parties to these conversations.

12       49.    California Penal Code section 637.2 is a manifestation of the California
13  Legislature's determination that the privacy invasion arising from the non-consensual
14  recording of a confidential communication constitutes an affront to human dignity that
15  warrants a minimum of $5,000 in statutory damages per violation, even in the absence
16  of proof of actual damages, or treble damages, whichever amount is greater, as well as
17  injunctive relief enjoining further violations. Defendants' surreptitious recordings of the
18  confidential communications of Plaintiff and the Class caused injury to Plaintiff and the
19  Class in the form of an affront to their human dignity, and damages in amounts to be
20  determined at the time of trial.

21       50.    Based upon the foregoing, the Class members, including the Plaintiff, are
22  entitled to, and below do pray for, damages for each of Defendants' violations of
23  California Penal Code section 632 and for injunctive relief, as provided under Penal
24  Code section 637.2.

25  **SECOND COUNT**

26  **COMMON LAW INVASION OF PRIVACY**

27       51.    Plaintiff realleges and reincorporates herein by this reference all of the
28  foregoing paragraphs, above, as though set forth in full herein.

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

52.     Plaintiff and Class members are guaranteed by the California Constitution and common law a right of privacy and a right to protection from unreasonable intrusion into their private affairs.

53.     Plaintiff and Class members had objectively reasonable expectations that their telephone conversations with Defendants were private communications that were not being overheard or recorded.

54.     Plaintiff is informed, believes, and thereupon alleges that Defendants intended to record Plaintiff's and Class members' telephone conversations by means of Call Recording Technology, thereby intruding upon the private affairs of Plaintiff and Class members.

55.     This intrusion into Plaintiff's and Class members' right to privacy was outrageous and highly offensive to Plaintiff and Class members, and is highly offensive to a reasonable person.

56.     As a direct result of the aforementioned conduct, Plaintiff and Class members were harmed and suffered damages in an amount to be determined at the time of trial.

## THIRD COUNT

## DEFENDANTS' NEGLIGENCE

57.     Plaintiff realleges and reincorporates herein by this reference all of the foregoing paragraphs, above, as though set forth in full herein.

58.     Defendants had various statutory, Constitutional, and common law duties not to engage in the secret recording of telephone conversations of Plaintiff and Class members, without warning, such that Plaintiff's and Class members' rights to privacy were invaded and breached by Defendants' secret recording of their telephone conversations.

59.     Defendants negligently and recklessly engaged in the afore-described secret recording of telephone conversations of Plaintiff and Class members.

60.     These activities by Defendants, as afore-described in this Complaint,

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1  legally caused actual damages to the Plaintiff and Class members.

2      61.    As a result of Defendants' secret recording activities, as described in this

3  Complaint, Plaintiff and Class members suffered an affront to their dignity, serious

4  emotional distress, inconvenience, anxiety, and upset. As a result of such injuries,

5  Plaintiff has suffered general damages according to proof.

6      62.    Based on the foregoing, Plaintiff and Class members suffered economic

7  damages as a result of the Defendants' conduct. Plaintiff and Class members are

8  entitled to, and do herein pray for, their damages, according to proof at trial.

9  **PRAYER FOR RELIEF**

10      WHEREFORE, Plaintiff, individually and on behalf of all others similarly

11  situated, hereby prays that the Court determine that this action may be maintained as a

12  class action and further prays that the Court enter judgment in his favor and against the

13  Defendants, as follows:

14      1.    For the greater of statutory damages pursuant to California Penal Code

15  section 637.2(a)(1) in the amount of $5,000 per violation of Penal Code section 632, or

16  treble damages pursuant to California Penal Code section 637.2(a)(2) per violation of

17  Penal Code section 632;

18      2.    For entry of a preliminary and permanent injunction pursuant to California

19  Penal Code section 637.2(b) prohibiting the Defendants from continuing to violate

20  Penal Code section 632;

21      3.    Economic damages;

22      4.    Non-economic damages; and

23      6.    For such other and further relief as the Court may deem just and proper.

24

25

26

27

28  ///

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

00299700-1

16

CLASS ACTION COMPLAINT

DATED: December 5, 2012

Respectfully submitted,

KIESEL BOUCHER LARSON LLP

By: _____
PAUL R. KIESEL
THOMAS H. PETERS
JEFFREY A. KONCIUS

Attorneys for Plaintiff
MARIO PANAQUA, on Behalf of Himself
and All Others Similarly Situated.

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

00299700-1

CLASS ACTION COMPLAINT

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class of all others similarly situated, demands a trial by jury as to all issues so triable.

DATED: December 5, 2012

Respectfully submitted,

KIESEL BOUCHER LARSON LLP

By: _____
PAUL R. KIESEL
THOMAS H. PETERS
JEFFREY A. KONCIUS

Attorneys for Plaintiff Mario Panaqua, on Behalf of Himself and All Others Similarly Situated.

00299700-1

18

CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV12- 10419 RGK (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

MARIO PANAQUA, on Behalf of Himself and All
Others Similarly Situated,

_____

*Plaintiff(s)*

v.

MARITZ RESEARCH INC., a Missouri Corporation
and DOES 1-10, Inclusive,

_____

*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)

**CV12-10419** —ℛ6𝒦
(ℳ𝒜𝒩)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Maritz Research Inc.
1375 North Highway Drive
Fenton, MO  63099

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:    Paul R. Kiesel
Thomas H. Peters
Kiesel Boucher Larson LLP
8648 Wilshire Boulevard
Beverly Hills, CA  90211-2910

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  DEC  − 5 2012 _____

_____
MARILYN DAVIS
*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

MARIO PANAQUA, on Behalf of Himself and All Others Similarly Situated

**DEFENDANTS**

MARITZ RESEARCH INC., a Missouri Corporation and DOES 1-10, Inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Kiesel Boucher Larson LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Penal Code § 630

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV12-10419

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Missouri |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

***** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date December 5, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |